UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**WILFREDO RODRIGUEZ,**        :
        **Petitioner**        :   **CIVIL ACTION NO. 3:20-2228**

        **v.**        :   **(JUDGE MANNION)**

**WARDEN ERIC BRADLEY**        :

        **Respondent**        :

## MEMORANDUM

Petitioner, Wilfredo Rodriguez, an inmate formerly confined in the minimum-security satellite camp adjacent to the Canaan United States Penitentiary ("USP-Canaan"), Waymart, Pennsylvania,[1] filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner requests a Court Order, directing that he be permitted to serve the remainder of his sentence in home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, §12003(b)(2) (2020). Id. In addition, Rodriguez moves for class certification and appointment of class counsel. (Doc. 7). A response (Doc. 12) and traverse (Doc. 14) having been filed, the petition is ripe for disposition. For

---

[1] Subsequent to the filing of the petition, Rodriguez was transferred to a Residential Reentry Management Facility in New York. See https://www.bop.gov/inmateloc/.

the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

I. **Background**

Section 12003 of the CARES Act gives the Director of the BOP discretion to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. §3624(c)(2). See CARES Act §12003(b)(2). "Congress codified this section of the CARES Act, in large part, 'to provide BOP a tool by which to alleviate COVID-19 concerns in federal prisons.'" Adams v. Trate, Case No. 1:20-cv-237, 2020 WL 7337806 (Dec. 14, 2020) (quoting United States v. Mathews, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020)) (citing CARES Act §12003(a)(2)).

In assessing whether home confinement should be granted, the BOP considers the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors including the age and vulnerability of the inmate to COVID-19, the security level of the facility currently holding the inmate, the inmate's conduct in prison, the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"), the

inmate's home reentry plan, and the inmate's crime of conviction and assessment of the danger posed by the inmate to the community. (Doc. 12).

On November 7, 2017, Rodriguez was sentenced in the United States District Court for the District of New Jersey to a 108 month term of imprisonment for Possession with Intent to Distribute Heroin, Possession with Intent to Distribute Cocaine, and Possession of a Firearm in Relation to a Drug Trafficking Crime. (Doc. 12-2 at 9, Inmate Data). His projected good conduct time release date is June 26, 2024. (Doc. 12-2 at 8, Inmate Data).

On September 18, 2020, Rodriguez was individually and comprehensively reviewed under the five factors of 18 U.S.C. §3621(b), 18 U.S.C. §3624(c)(2), the CARES Act, and Attorney General Barr's Memoranda. (Doc. 12-2 at 19). Because, at that time, Petitioner had not met the time served threshold, it was determined that he was not appropriate for home confinement at that time. Id.

As of December 18, 2020, Petitioner had approximately 54% of his term and USP-Canaan again referred him for home confinement. Id. As of the date of Respondent's answer, January 12, 2021, Petitioner's referral was pending review by the Residential Reentry Manager. Id.

Petitioner concedes that he did not file any administrative remedy directed at BOP's September 18, 2020 denial of home confinement. (Doc. 2

at 13). Specifically, Petitioner claims that "exhaustion is excused here for various independent reasons, including because (1) the prisoners face irreparable harm from the violation of their constitutional rights and the delay incident to pursuing administrative remedies, (2) the issue presented only pertains to statutory construction, and (3) exhaustion would be futile." Id.

## II. Discussion

Respondent asserts that Petitioner's §2241 petition should be denied because: (1) Petitioner failed to exhaust his administrative remedies; (2) BOP decisions concerning home confinement are not subject to judicial review; and (3) Petitioner is not a priority candidate for home confinement.

### A. Exhaustion of Administrative Remedies

A prisoner must exhaust all stages of the administrative remedy system prior to filing a habeas petition under 28 U.S.C. §2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); Arias v. U.S. Parole Comm'n, 648 F.2d 196 (3d Cir. 1981). Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and

apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62. Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process. Woodford v. Ngo, 548 U.S. 81, 90-92 (2006); Jones v. Bock, 549 U.S. 199, 218 (2007) (proper exhaustion defined by applicable prison requirements).

In order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff. See 28 C.F.R. §542.13. Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined. See 28 C.F.R. §542.14. If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response. See 28 C.F.R. §542.15. Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response. See 28 C.F.R. §542.15. The requirement that prisoners first exhaust their administrative remedies applies even for requests for home confinement due to the Covid-

19 pandemic. See, e.g., Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *5 (M.D. Pa. April 30, 2020).

Here, Petitioner concedes that he has failed to exhaust his administrative remedies, claiming exhaustion is futile. (Doc. 2 at 13).

Although futility may be an exception to the exhaustion of administrative remedies, see Lyons v. U.S. Marshals, 804 F.2d 202, 205 (3d Cir. 1988), even if Petitioner were to argue that exhaustion would be futile, over the past year, the district courts have repeatedly held that prisoners must still exhaust their administrative remedies regarding home confinement and that exhaustion in such a circumstance is not futile, even in the context of a pandemic. See, e.g., Gottstein v. Finley, No. 20-cv-935, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020); Jackson v. White, No. 20-cv-919, 2020 WL 3036075, at *7 (M.D. Pa. June 5, 2020). Furthermore, the Third Circuit recently reiterated that "strict compliance with ... exhaustion requirement[s] takes on added—and critical—importance" during the COVID-19 pandemic "[g]iven the BOP's shared desire for a safe and healthy prison environment." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Petitioner has failed to exhaust his administrative remedies regarding his request to be transferred to home confinement, and the petition must be denied for that reason.

### B. Request for Home Confinement under the CARES Act

Even if Petitioner had exhausted his request for home confinement, the petition must be dismissed. The Court does not have the authority to review such a request. See Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *1, *6- 7 (Apr. 30, 2020).

"Congress sought to address the spread of the coronavirus in prisons by permitting BOP to expand the use of home confinement under [18 U.S.C. §3624(c)(2)]" through the CARES Act. Furando v. Ortiz, Civ. Action No. 20-3739(RMB), 2020 WL 3264161, at *2 (D.N.J. June 17, 2020) (citing Pub. L. No. 116-36, §12003(b)(2)). "Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement to the shorter of 10 percent of the inmate's sentence or 6 months." Furando, 2020 WL 1922357, at *2. "Thus, the CARES Act provides that if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, as he did on April 3, 2020, the BOP Director may increase the maximum amount of time that a prisoner may spend in home confinement under the first sentence of 18 U.S.C. §3624(c)(2)." Cordaro, 2020 WL 2084960, at *7; see also Furando, 2020 WL 1922357, at *2; United States v. Cruz, 455 F. Supp. 3d 154, 159 (M.D. Pa. 2020). 18 U.S.C. §3621(b) states that "[t]he Bureau of Prisons shall designate the place

of the prisoner's imprisonment." See also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) ("Under 18 U.S.C. §3621(b), the BOP is vested with authority to determine the location of an inmate's imprisonment"). Additionally, 18 U.S.C. §3624(c)(2) dictates pre-release custody of a prisoner to home confinement extending the authority "to place a prisoner in home confinement" to the Bureau of Prisons. See also Cruz, 455 F. Supp. 3d at 159. Therefore, the "determination of which inmates qualify for home confinement under the CARES Act is with the BOP Director. . . . Thus, '[c]ourts . . . do not have power to grant relief under Section 12003 of the CARES Act.'" Cruz, 455 F. Supp. 3d at 159 (quoting United States v. Coker, 2020 WL 1877800, *1 (E.D. Tenn. April 15, 2020)); see also Cordaro, 2020 WL 2084960, at *7; United States v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020); United States v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020); United States v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); United States v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); United States v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020))).

Here, the Court lacks the power to release Rodriguez on home confinement under the CARES Act. See United States v. Stroman, No. 3:14-CR-270, 2020 WL 4448056, at *5 (M.D. Pa. Aug. 3, 2020) ("[Petitioner's]

motion will be dismissed to the extent it is under the CARES Act since the court does not have the authority to grant [Petitioner] relief under the Act"); see also United States v. Banks, No. 2:15-CR-00168, 2020 WL 4820199, at *2 (W.D. Pa. July 30, 2020) ("[A] district court does not have authority under the CARES Act to order the BOP to alter a defendant's location of confinement—that determination remains with the BOP" (internal quotations omitted)). "[S]ince the authority to make this determination lies with the BOP Director and not the court" the Court will dismiss Rodriguez' claims as they seek to challenge the BOP's decision under the CARES Act. See Cordaro, 2020 WL 2084960 at *8.

### C. Request for home confinement under 28 U.S.C. §2241

Although the Court cannot review Rodriguez' challenge to the BOP's decision under the CARES Act, the Court may assess "whether the BOP abused its discretion." Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (citing Barden v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981); Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) ("If this designation impacts the fact or duration of a prisoner's sentence, the BOP's decision is subject to judicial review for abuse of discretion"); United States v. Allen, 124 F. App'x. 719, 721 (3d Cir. 2005); Rush v. Shartle, Civ. No. 13-4788 (NLH), 2015 WL 5567307, at *7 (D.N.J. Sep. 22, 2015) (citing Keohane, 921 F.2d at 480-83

("The decision of the BOP is subject to judicial review only for abuse of discretion").

The Court will review the BOP's decision for abuse of discretion in denying Petitioner's request for home confinement based on Petitioner's amount of time served. See Vasquez, 684 F.3d at 434. "The test is not whether a reviewing court would weigh the factors differently. The writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." Eccleston v. United States, 390 F. App'x 62, 65 (3d Cir. 2010). An incorrect determination by the BOP regarding an inmate's "eligibility for early release . . . carries a potential for a miscarriage of justice that can be corrected through habeas corpus." Reeves v. Federal Bureau of Prisons, Civ. No. 13-1795 (JBS), 2014 WL 673019, at *1 (D.N.J. Feb. 21, 2014) (citing Murray v. Carrier, 477 U.S. 478, 495 (1986); Keohane, 921 F.2d at 479).

The Third Circuit has held that the BOP's review of statutory factors and ultimate denial of a Petitioner's appeal is a valid "exercise of discretion." Eccleston, 390 F. App'x at 65; see also Pickett v. Warden McKean FCI, 726 F. App'x 104, 107 (3d Cir. 2018); Wilson v. Strada, 474 F. App'x 46, 48 (3d Cir. 2012). "[T]he CARES Act does not mandate home confinement for any class of inmate." Stroman, 2020 WL 4448056, at *7 (internal quotation

- 10 -

omitted). Additionally, "nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement." Gottstein v. Finley, 3:20-CV-0935, 2020 WL 3078028, at *7 (M.D. Pa. June 10, 2020) (quoting United States v. Soliz, Crim. No. 2:16-190-3, 2020 WL 2500127, at *4 (S.D. Tex. May 14, 2020)).

The record reflects that as of the date of the BOP's September 18, 2020 review, Petitioner did not meet the time served threshold and would still be greater than 18 months from his projected Good Conduct Time release date of June 26, 2024. Per the Department of Justice's April 22, 2020 Memorandum ("Memorandum") in affect at the time, regarding home confinement, inmates who have "served 50% or more of their sentence, or have 18 months or less remaining on their sentence and have served 25% or more of their sentence" are given priority for home confinement although the "factors are subject to deviation in certain circumstances." (Doc. 12-2 at 4).

Although Rodriguez may have met other factors within the Memorandum, the BOP determined that, at the time of initial review, he was not a priority candidate for home confinement based on the amount of time he had served. Id. This determination is in accordance with the Memorandum. Id. see also Defoggi v. America, Civ. No. 20-3889, 2020 WL

2899495, at *6 (D.N.J. June 3, 2020) (noting that a prisoner who had only served 28% of his sentence made him "ineligible for transfer under the CARES Act"). The BOP's determination evidences that Rodriguez "was considered for [home confinement] placement," accordingly there is "no reason to upset the findings of the BOP [because] . . . it is clear that Petitioner was properly considered, and thus no constitutional violation occurred." See Mennen v. Zickefoose, Civ. Action No. 11-1794 (JBS), 2012 WL 113645, at *3 (D.N.J. Jan. 13, 2012); Senior v. Zickefoose, Civ. Action No. 12-0127 (RBK), 2013 WL 875973, at *3 (D.N.J. Mar. 7, 2013); Roccaforte v. Shartle, Civ. No. 13-5660, 2014 WL 3499999, at *3 (D.N.J. July 14, 2012). Thus, because the BOP "gave [Rodriguez] an individual review" of the factors set forth by the Memorandum expanding 18 U.S.C. §3624(c)(2), the Court finds "no abuse of discretion in the way that the [temporarily revised 18 U.S.C. §3624(c)(2)] factors were balanced." Moreover, the record reveals that as soon as Petitioner became eligible for review again, the BOP again referred him for home confinement placement. And, as is clear for the BOP locator, subsequent to the filing of the petition, Rodriguez was transferred to a Residential Reentry Management Facility in New York. See https://www.bop.gov/inmateloc/.

    Finally, to the extent that Rodriguez challenges his conditions of

confinement, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Consequently, any issues unrelated to the fact or duration of Petitioner's detention and are not appropriately raised in a petition for writ of habeas corpus, but rather must be pursued through the filing of a Bivens[2] action.

### III. Conclusion

Based on the foregoing, Rodriguez' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for Petitioner's failure to exhaust administrative remedies; this Court's lack of jurisdiction over the BOP's decision with respect to an inmate's release on home confinement; because Petitioner was not a priority candidate at the time of his initial review; and because the BOP has not abused its discretion or otherwise violated the constitution

Based on the Court's Court dismissal of the habeas petition, the Court declines to consider Rodriguez' request for class certification and appointment of class counsel. Finally, because Petitioner is not detained

---

[2] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 23, 2021**
20-2228-01